IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv97

| | | |
|---|---|---|
| MARTIN TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHAW CONSTRUCTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion for More Definite Statement [# 5]. Plaintiff brought this action in Superior Court of Rutherford County, North Carolina. Defendant removed the action to this Court and filed a Motion for More Definite Statement. Plaintiff, who is represented by counsel, failed to respond to the motion. The Court **GRANTS** Defendant's motion [# 5].

**I.    Analysis**

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(e), in turn, provides that a party may move for a more definite statement of the claims asserted in a complaint where the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also Doe v. Bayer Corp., 367 F. Supp. 2d 904,

917 (M.D.N.C. 2005) . As explained in Wright & Miller:

> [t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.

5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 1376 (3d ed. 2004). If the Court grants a motion for a more definite statement and the party does not provide a more definite statement within the specified time period, then the Court may strike the complaint or issue "any other appropriate order." Fed. R. Civ. P. 12(e).

Plaintiff's Complaint, which was drafted by counsel, is approximately one page and fails to set forth any claims for relief. The Complaint states that Plaintiff reported an employee to the Occupational Safety and Health Administration for the improper handling and disposal of cleaning chemicals, and that Defendant terminated Plaintiff as a result of his report to the Occupational Safety and Health Administration (Pl.'s Compl. ¶¶ 4, 8.). The Complaint, however, fails to set forth a claim for relief, much less the statutory or common law basis for such a claim. Put simply, the Complaint is so vague

and ambiguous that Defendant cannot reasonable be expected to prepare a response. Accordingly, the Court **GRANTS** Defendant's motion [# 5]. The Court **DIRECTS** Plaintiff to file an Amended Complaint within ten (10) days of the entry of this Order. The Amended Complaint should set forth each claim that Plaintiff intends to assert against Defendant, as well as the factual basis for those claims so that Defendant can frame a response to the Complaint.

## II. Conclusion

The Court **GRANTS** Defendant's Motion for More Definite Statement [# 5]. The Court **DIRECTS** Plaintiff to file an Amended Complaint within ten (10) days of the entry of this Order. If Plaintiff fails to file an Amended Complaint within the specified time period, the Court will enter a Memorandum and Recommendation recommending that the District Court dismiss without prejudice the Complaint.

Signed: July 26, 2011

Dennis L. Howell
United States Magistrate Judge